UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LISA MAXWELL,<br><br>    Plaintiff,<br><br>v.<br><br>ROSENBAUER SOUTH DAKOTA, LLC.,<br><br>    Defendant. | CV 20-4081<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Lisa Maxwell brings this action for employment discrimination and reprisal, stating the following claims against Rosenbauer South Dakota, LLC:

## PARTIES

1. Lisa Maxwell ("Maxwell") is an adult resident of Minnehaha County, South Dakota.

2. Rosenbauer South Dakota, LLC ("Rosenbauer") is a Delaware limited liability company that operates plants in South Dakota, Minnesota and Austria.

3. Rosenbauer operates a manufacturing plant in rural Lyons, Minnehaha County, South Dakota, where it produces firetrucks and related fire-fighting equipment. It has a staff of more than 15 employees at its Lyons plant.

4. At all relevant times, Maxwell was an employee of Rosenbauer within the meaning of 42 U.S.C. § 2000e(f).

## JURISDICTION & VENUE

5. This sexual discrimination and reprisal employment action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII"). As such, this Court has original jurisdiction to hear this Complaint and to adjudicate the claims asserted pursuant to 28 U.S.C. § 1331.

6. Maxwell timely filed a Charge of Discrimination and received a Notice of Right to Sue on February 28, 2020.

7. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred within the Southern Division of the District of South Dakota.

## FACTUAL ALLEGATIONS

8. Maxwell is a female who was hired at Rosenbauer in April 2007.

9. Maxwell was employed by Rosenbauer in its Lyons' plant finishing shop for over a decade, until May 2019.

10. During her employment, Maxwell performed in a manner that met her employer's expectations.

11. Throughout Maxwell's employment, her supervisors and some co-workers treated her in a demeaning, hostile way because of her sex. For example, Ms. Maxwell's original supervisor chose to publicly call her "crack whore" and "retard" instead of her name, often in the presence of other co-workers. To the best of her knowledge, this supervisor was never disciplined for his repeated, public violations of the Defendant's written anti-discrimination policies.

12. In approximately 2011, Justin Hackett ("Hackett") was promoted to the position of Maxwell's direct supervisor, and in that position Hackett had the power to cause Maxwell's

employment to be terminated and to otherwise negatively impact the terms and conditions of her employment. Maxwell's husband also worked at the plant at this time.

13. Shortly after becoming her supervisor, Hackett approached Maxwell and demanded that she had to engage in oral sex with him in the Rosenbauer workplace or he would get her fired.

14. Maxwell needed her employment and felt powerless to refuse her supervisor's demands for sex.

15. In 2013, Hackett was promoted to be Rosenbauer's assistant plant manager, a promotion that only solidified his ability to take adverse employment action against Maxwell.

16. Maxwell estimates that Hackett demanded oral sex from her at least 20 times in the workplace between 2011 and 2015.

17. During the period that Maxwell was complying with his demands for sex, Hackett promoted Maxwell and recommended her for raises.

18. In approximately 2014, one of Maxwell's other supervisors ("Supervisor A") approached her in the workplace, exposed his uncircumsized penis and asked her to touch him. She refused.

19. On one occasion, another Rosenbauer employee walked and observed Hackett and Maxwell engaged in a sex act in Hackett's office. Though this behavior was directly contrary to Rosenbauer's written policies and procedures, neither male or female employees felt safe reporting managers for violations of the Defendant's policies.

20. Maxwell was disgusted and ashamed about being sexually abused by her supervisor. She also remained fearful of losing her job and her marriage. Her despair and

hopelessness caused Maxwell to suffer from significant physical and exacerbated emotional health issues, including a substance use disorder.

21. Hackett was aware of Maxwell's health issues.

22. To the best of her knowledge, Hackett also pursued at least one other female Rosenbauer employee for sex in a similar manner. A female co-worker supervised by Hackett has represented to Maxwell that she has had sex with Hackett in the workplace too.

23. In 2016, Hackett was promoted to be the general manager of Rosenbauer's Lyons plant.

24. Hackett eventually ceased his active pursuit of Maxwell for sex, but even after that Maxwell's male co-workers and managers continued to treat Maxwell in a demeaning and dehumanizing way.

25. In October 2018, one of Maxwell's co-workers roughly grabbed Maxwell by her breast. Maxwell built up the courage and reported this physical abuse to the HR manager at the Lyon's plant.

26. When Maxwell arrived to be interviewed by the HR manager about her sexual harassment complaint, Hackett was present at the meeting. Maxwell felt incredibly intimidated by Hackett's presence.

27. To the best of Maxwell's knowledge, Maxwell's co-worker ultimately admitted that he had grabbed her breast.

28. Immediately after her sexual harassment report, Maxwell was suspended for three days by Supervisor A, who told Maxwell that he could get her fired. Maxwell understood Supervisor A's comment to be a threat to prevent her from reporting him for having exposed himself to her in the workplace.

29. Thereafter, Maxwell was subjected to different supervision and performance standards than other male co-workers by Supervisor A, and she became the subject of disciplinary actions overseen by Supervisor A and Hackett.

30. In March 2019, Supervisor A disciplined Maxwell for cell phone use even though other similarly situated male co-workers were not subject to disciplinary action for similar or worse behavior.

31. In late April 2019, the co-worker who had grabbed Maxwell's breast began coming into her work area to make unnecessary contact with her. Maxwell reported this matter to the company HR. In response, Hackett talked to Maxwell and advised her to "suck it up."

32. On May 15, 2019, Supervisor A again disciplined Maxwell for performing a cleaning job in a truck in a manner he subjectively described as "half asleep" even though similarly situated male co-workers were not subject to disciplinary action for similar or worse behavior.

33. On May 17, 2019, Supervisor A again confronted Maxwell about allegedly failing to clean a truck.

34. Frustrated by being targeted for disciplinary action by managers and a co-worker who had sexually harassed her, Maxwell was constructively discharged on May 17, 2019.

## CAUSES OF ACTION

### COUNT I
### Reprisal Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

35. Plaintiff incorporates the foregoing paragraphs by reference.

36. Title VII at 42 U.S.C. § 2000e-3(a) provides that it is an unlawful employment practice for an employer to "to discriminate against any individual" "because [s]he has opposed

5

any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

37. Plaintiff opposed and reported discrimination in her workplace pursuant to company policy.

38. Plaintiff was disciplined, suspended without pay, subjected to different standards of supervision and eventually constructively terminated in retaliation for her objections to discrimination and her protected conduct in violation of 42 U.S.C. § 2000e-3.

39. Defendant's actions were likely to dissuade a reasonable worker in the same or similar circumstances from making or supporting a report of discrimination.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of past and future income and employee benefits, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and other damages.

41. Plaintiff should be entitled to punitive damages because Defendant committed the above-alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

### COUNT II
### Sex Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

42. Plaintiff incorporates the foregoing paragraphs by reference.

43. 42 U.S.C. § 2000e-2(a)(1) provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's …sex.." Title VII defines sex discrimination to include sexual harassment.

6

44. Defendant's conduct described herein violates 42 U.S.C. § 2000e-2.

45. Plaintiff was subject to different terms, conditions and pay in her employment because of her sex.

46. Plaintiff was repeatedly subjected to offensive, abusive, severe commentary and conduct that altered the terms and conditions of her employment, including quip pro quo sexual harassment by her direct supervisor.

47. The discriminatory conduct was unwelcomed.

48. The discriminatory conduct was based upon Plaintiff's sex.

49. A reasonable worker in Plaintiff's position would have found Plaintiff's work environment to be hostile.

50. Plaintiff believed her work environment to be hostile.

51. Plaintiff's objection to ongoing sex discrimination and sexual harassment in the workplace was the motivating factor for adverse employment actions against her, including disciplinary actions and other unfavorable terms and conditions of her employment.

52. Defendant failed to take prompt and remedial action to investigate, address and end Plaintiff's harassment.

53. Defendant's tolerance of sex discrimination and sexual harassment made Plaintiff's working conditions intolerable.

54. Defendant sought to cause Plaintiff to resign out of frustration or to otherwise fail in the workplace enough to justify her termination after she began to formally object to the Defendant's tolerance of sex discrimination and sexual harassment in its workplace.

55. Defendant caused Plaintiff to be constructively discharged from employment.

56. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages.

57. Plaintiff should be entitled to punitive damages because Defendant committed the above-alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa Maxwell prays for judgment against Defendant Rosenbauer South Dakota as follows:

A. That the practices of Defendants complained of in this Complaint be determined to violate the rights secured to Plaintiff under Title VII;

B. For all relief available to Plaintiff, including compensatory relief and damages arising from loss of past and future income, benefits, emotional distress, and other damages, with interest on such amounts, and punitive damages in an amount in excess of $75,000;

C. For such other and further relief available;

D. For Plaintiff's attorneys' fees, costs and disbursements incurred in this matter;

E. For a jury trial on all issues; and

F. For such further and other relief as the Court deems just and equitable.

Dated: May 20, 2020.

JOHNSON POCHOP & BARTLING LLP

_____
Stephanie E. Pochop (SD # 1379)
405 Main Street
Gregory, SD 57533
Telephone: (605) 835-8391
Facsimile: (605) 835-8742
Stephanie@Rosebudlaw.com
*Attorneys for Plaintiff Lisa Maxwell*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA MAXWELL

**(b)** County of Residence of First Listed Plaintiff: Minnehaha County, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephanie E. Pochop  Johnson Pochop & Bartling
405 Main Street |PO Box 149 Gregory, SD 57533 (605) 269-0665

## DEFENDANTS
Rosenbauer America, LLC

County of Residence of First Listed Defendant: Minnehaha County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty / **Other:** | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 20003 et seq ("Title VII of the Civil Rights Act of 1964, as amended")
Brief description of cause:
Retaliation and sex discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 05/20/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Stephanie E. Pochop

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____